UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

HOOD SAILMAKERS, INC., a
Rhode Island Corporation, and
RODGER MARTIN DESIGN, a
Rhode Island Corporation,

Plaintiffs,

v Case No. 08-228 S

S/V GWAIHIR, a 40'Open Class
Rodger Martin Design, Her engines,
rigging, tackle, equipment, and
appurtenances, *In Rem*,

Defendant.

---

MOTION FOR IMMEDIATE ISSUANCE OF WARRANT

Pursuant to Local Admiralty Rule C(3)(a)(ii)(A) and (B), Plaintiffs, Hood Sailmakers, Inc. and Rodger Martin Design, by and through counsel undersigned, move this Court for the immediate issuance of warrant against Defendant S/V GWAIHIR for the reasons more particularly set forth within the attached Brief in support hereof.

Respectfully submitted,

O'BRYAN BAUN COHEN KUEBLER
KARAMANIAN

/s Gary Wm. Baun
Gary Wm. Baun
Attorneys for Plaintiffs
401 S. Old Woodward, Suite 450
Birmingham, MI 48009
Telephone: (248) 258-6262
Facsimile: (248) 258-6047
gbaun@obryanlaw.net

And

HANSON CURRAN LLP

/s/ James T. Murphy #1698

James T. Murphy
Local Counsel
146 Westminster Street
Providence, RI 02903
Telephone: (401) 421-2154
Facsimile: (401) 521-7040
jtm@hansoncurran.com

Dated: June 10, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

HOOD SAILMAKERS, INC., a
Rhode Island Corporation, and
RODGER MARTIN DESIGN, a
Rhode Island Corporation,

Plaintiffs,

v Case No. 08-228 S

S/V GWAIHIR, a 40'Open Class
Rodger Martin Design, Her engines,
rigging, tackle, equipment, and
appurtenances, *In Rem*,

Defendant.

---

BRIEF IN SUPPORT OF MOTION FOR
IMMEDIATE ISSUANCE OF WARRANT

This action involves maritime liens to recover the value of necessaries provided by Plaintiffs Hood Sailmakers, Inc. and Rodger Martin Design to the S/V GWAIHIR pursuant to Title 46 U.S.C. §31342(a), which provides, in pertinent part, as follows:

> "(a) Except as otherwise provided in subsection (d) of this section, a person providing necessaries to a vessel on the order of the owner or person authorized by the owner
>
> (1) has a maritime lien on the vessel;
>
> (2) may bring a civil action in rem to enforce the lien; and
>
> (3) is not required to allege or prove inaction that credit was given to the vessel . . ."

If a plaintiff provides necessaries to a vessel on the order of the owner or a person authorized by the owner, then he may bring a civil action in rem to a federal district court sitting

in admiralty. Ventura Packers, Inc. v F/V JEANINE KATHLEEN, 305 F.3d 913, 917 (9th Cir. 2002); Equilease Corporation v M/V SAMPSON, 293 F.2d 598, 603 (5th Cir. 1986). The term "necessaries" should not be narrowly interpreted, but should be given a broad meaning and held to include maritime services generally, whether such services consist of furnishing of labor or materials. The term "necessaries" include most goods or services that are useful to the vessel, keep her out of danger, and enable her to perform a particular function. Equilease Corporation, Id. at 603; J. Ray McDermott & Co., Inc. v The Off-Shore Menhaden Company, 262 F.2d 523 (5th Cir. 1959); and Kaleidoscope Tours v The M/V TROPICANA, 755 F.Supp. 382, 383 (S.D. Fl. 1990). Because Hood Sailmakers, Inc. and Rodger Martin Design provided necessaries to the S/V GWAIHIR, they need not demonstrate any other jurisdictional element.

Admiralty Rule C(3)(a)(ii)(A) states, in pertinent part, as follows:

> "In other actions, the court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."

(Emphasis added).

Here, Plaintiff's Verified Complaint and supporting documents clearly demonstrate that the conditions for an in rem action exist.

Further, exigent circumstances exist which require that this Court order the Clerk to immediately issue a summons and/or warrant for the arrest of the S/V GWAIHIR. On May 19, 2008, a Verified Complaint In Rem was filed in the United States District Court for the Southern District of Florida seeking the arrest of the S/V GWAIHIR which was then moored at the Main Public Dock in Key West, Florida (see attached **Exhibit A**). On June 3, 2008, Presiding Judge Lawrence King signed an Order Directing the Issuance of the Warrant of Arrest and/or

Summons (attached hereto as **Exhibit B**); unfortunately, the S/V GWAIHIR had fled the jurisdiction of the Court, sailed north, and had arrived in Newport Harbor, Newport, Rhode Island on or about June 2, 2008.

Based on the aforestated facts, it is feared that if this Court does not issue Order directing the Clerk to immediately issue a summons and/or warrant for the arrest of the S/V GWAIHIR, she may again flee and evade arrest. Admiralty Rule C(3)(a)(B) provides, in pertinent part:

> "If the plaintiff or plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must promptly issue a summons and a warrant for the arrest of the vessel or the property that is the subject of the action."

WHEREFORE, Plaintiffs pray that this Honorable Court issue Order directing the Clerk to issue a summons and/or warrant for the arrest of the S/V GWAIHIR presently moored in Newport Harbor, Old Port Mooring #174, mid-harbor, within the jurisdiction of this Court.

Respectfully submitted,

O'BRYAN BAUN COHEN KUEBLER
KARAMANIAN

/s Gary Wm. Baun
Gary Wm. Baun
Attorneys for Plaintiffs
401 S. Old Woodward, Suite 450
Birmingham, MI 48009
Telephone: (248) 258-6262
Facsimile: (248) 258-6047
gbaun@obryanlaw.net

And

HANSON CURRAN LLP

/s/ James T. Murphy #1698
James T. Murphy
Local Counsel
146 Westminster Street

Providence, RI 02903
Telephone: (401) 421-2154
Facsimile: (401) 521-7040
jtm@hansoncurran.com

Dated: June 10, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

HOOD SAILMAKERS, INC., a
Rhode Island Corporation, and
RODGER MARTIN DESIGN, a
Rhode Island Corporation,

Plaintiffs,

v Case No.

S/V GWAIHIR, a 40'Open Class
Rodger Martin Design, Her engines,
rigging, tackle, equipment, and
appurtenances, *In Rem*,

Defendant.

---

CERTIFICATION

I, GARY Wm. BAUN of the law firm O'BRYAN BAUN COHEN KUEBLER KARAMANIAN, 401 S. Old Woodward Avenue, Suite 450, Birmingham, Michigan 48009, am lead counsel in this case, and have personal knowledge and facts of all the matters set forth herein.

1. On May 19, 2008, I filed a Verified Complaint In Rem in the United States District Court for the District of Florida seeking the arrest of the S/V GWAIHIR which was then moored at the Main Public Dock in Key West, Florida.

2. Presiding Judge Lawrence King did not sign the Order Directing the Issuance of Warrant of Arrest and/or Summons until June 3, 2008.

3. Some time prior to June 3, 2008, the S/V GWAIHIR fled the jurisdiction of the Southern District of Florida and sailed north arriving in Newport Harbor, Newport, Rhode

Island approximately June 2, 2008.

4. Based on the aforestated facts, it is believed that if this Court does not sign an Order directing the Clerk to immediately issue warrant of arrest and/or summons allowing the arrest of the S/V GWAIHIR, she will again flee.

Gary Wm. Baun

Date: June 10, 2008