UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

HOOD SAILMAKERS, INC., a
Rhode Island Corporation, and
RODGER MARTIN DESIGN, a
Rhode Island Corporation,

Plaintiffs,

v

Case No. 08-228-S

S/V GWAIHIR, a 40'Open Class
Rodger Martin Design, Her engines,
rigging, tackle, equipment, and
appurtenances, *In Rem*,

Defendant.

---

ORDER APPOINTING SUBSTITUTE CUSTODIAN

THIS MATTER is before the Court upon the Plaintiffs HOOD SAILMAKERS, INC. and RODGER MARTIN DESIGN's Motion for Appointment of Substitute Custodian, and the Court having carefully considered said Motion and having reviewed the Court file, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Appointment of Substitute Counsel be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the United States Marshal for the District of Rhode Island be and the same is hereby authorized and directed, upon his seizure of said S/V GWAIHIR, a 40' Open Class Rodger Martin Design, her engines, rigging, tackle, equipment, and appurtenances, *in rem*, pursuant to the Warrant of Arrest In Rem, to surrender the possession thereof to the custody of the Substitute Custodian, Hood Sailmakers, Inc., by and through its

authorized representatives, immediately following its arrest.

**IT IS FURTHER ORDERED** that upon the transfer of said vessel to the Substitute Custodian, the aforesaid Substitute Custodian is hereby appointed to act as Substitute Custodian of the Defendant vessel during *custodia legis* on behalf of this Court, in place and instead of the United States Marshal, until further Order of the Court.

**IT IS FURTHER ORDERED** that upon transfer of custody of the Defendant vessel to the Substitute Custodian by the United States Marshal, the United States Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and shall not be liable for any loss occurring while it remains in the custody of the Substitute Custodian.

**IT IS FURTHER ORDERED** that upon transfer of custody of the Defendant vessel to the Substitute Custodian by the United States Marshal, Hood Sailmakers, Inc., is hereby appointed to act as Substitute Custodian of the Defendant vessel during *custodia legis* on behalf of this Court, in the place of and instead of the United States Marshal, until further Order of the Court.

**IT IS FURTHER ORDERED** that upon transfer of custody of the Defendant vessel to the Substitute Custodian by the United States Marshal, the Substitute Custodian shall cause the vessel to be brought to and to be kept in the custody of Hood Sailmakers, Inc., which is within the jurisdiction of this Court.

**IT IS FURTHER ORDERED** that all reasonable expenditures of the United States Marshal for the safekeeping of Defendant vessel shall be deemed administrative expenses in this action and a first charge on the vessel herein, to be paid to the United States Marshal prior to the release of the Defendant vessel or distribution of the proceeds of its sale, and all further constructive costs shall be borne by Plaintiffs.

**IT IS FURTHER ORDERED** that all reasonable expenditures which may be incurred by the United States of America and the Substitute Custodian, or by any party advancing funds to the Substitute Custodian, in safekeeping and maintaining the vessel while she is in *custodia legis*, shall be administrative expenses in this action and a first charge on the Defendant vessel herein, to be paid prior to the release of the vessel or the distribution of proceeds of her sale.

**IT IS FURTHER ORDERED** that during *custodia legis*, the Substitute Custodian shall not permit repairs or changes to be made to the vessel, except for routine maintenance required for the vessel's safekeeping, or in emergency situations, without an Order of this Court.

**IT IS FURTHER ORDERED** that the Plaintiffs and the Substitute Custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc.

**IT IS FURTHER ORDERED** that the Plaintiffs and the Substitute Custodian shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody.

**IT IS FURTHER ORDERED** that all United States Marshal's costs shall be paid prior to release of said vessel.

**IT IS FURTHER ORDERED** that the Substitute Custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof.

**IT IS FURTHER ORDERED** that Plaintiffs' attorney shall serve the owner of the Defendant S/V GWAIHIR with a copy of this Order within ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Providence, Rhode Island, this 10th day of June, 2008.

David L. Martin
United States ~~District~~ Judge
MAGISTRATE

Copies furnished to:

Gary Wm. Baun, Esq.
O'Bryan Baun Cohen Kuebler Karamanian
401 S. Old Woodward, Suite 450
Birmingham, MI 48009

James T. Murphy, Esq.
Hanson Curran LLP
Local Counsel
146 Westminster Street
Providence, RI 02903

Hood Sailmakers, Inc.
Substitute Custodian
(3 certified copies)

Defendant